IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN SMITH,                          :
                                      :
          Petitioner                  :
                                      :
     v.                               :    CIVIL NO. 4:CV-14-631
                                      :
JOHN WETZEL,                          :    (Judge Brann)
                                      :
          Respondent                  :

## MEMORANDUM

June 11, 2015

## Background

Allen Smith, an inmate presently confined at the Forest State Correctional Institution, Marienville, Pennsylvania,  (SCI-Forest), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.  Service of the Petition was previously ordered.

Smith entered a guilty plea to charges of possession of a controlled substance/contraband by an inmate (3 counts) and tampering with physical evidence on January 10, 2010 in the Court of Common Pleas of Lycoming County, Pennsylvania.  As a result of his plea, he was sentenced to serve a three (3) to six (6) year term of incarceration.  See Doc. 1, ¶ 3.

The Petitioner did not pursue a direct appeal.  However, Smith did seek collateral relief via a pro se action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1]  Smith's PCRA action was denied by the Court of Common Pleas on April 25, 2012.  See id. at ¶ 11.  An appeal of that decision was denied by the Superior Court of Pennsylvania on September 23, 2013.  See  id.  The Pennsylvania Supreme Court denied Smith's petition for allowance of  appeal by decision dated February 19, 2014.

Ground One of Petitioner's pending action claims entitlement to federal habeas corpus relief on the basis that his guilty plea was unlawfully induced and was not knowing, intelligent, and voluntary due to the absence of an adequate on the record colloquy.   Smith explains that neither the oral nor written plea colloquies explained to him that:  he was presumed innocent until proven guilty; the requirement of a unanimous jury verdict; and the possibility of consecutive sentencing.  See id. at p. 11.

Ground Two asserts that trial counsel was ineffective for  advising the

---

[1]  See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Petitioner to plead guilty because his case would be heard by an all white jury and that nothing could be done to challenge the composition of the jury.[2]  Smith is black.  See id.

Ground Three contends that trial counsel's performance was also deficient because his probation from an unrelated case could be revoked if he pled guilty. See id. at p. 12.  The Petition adds that Grounds Two and Three were not exhausted in state court due to the ineffective assistance of PCRA counsel.

Respondent asserts that a viable claim of entitlement to federal habeas corpus relief has not been established, Grounds Two and Three were procedurally defaulted in state court, and those unexhausted arguments should not be reviewed.

**Discussion**

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison.  See Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  In Suggs v. Bureau of Prisons, Civil No. 08-3613, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a

---

[2]   Jury selection had been completed prior to the entry of Smith's plea.

judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[3] See generally, Knowles v. Mirzayance, 536 U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir.

---

[3]    Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. <u>Williams v. Taylor</u>, 529 U.S. 362, 404-405 (2000). As explained in <u>Bell</u>, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of § 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. <u>See</u> <u>Keller v. Larkins</u>, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must

first address whether the state court decision was contrary to Supreme Court precedent); <u>Martini v. Hendricks</u>, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a §

2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. <u>28 U.S.C. § 2254(e)(1)</u>.

## **Guilty Plea**

Ground One of the Petition asserts that Smith's guilty plea was unlawfully induced and was not knowing, intelligent, and voluntary. <u>See</u> Doc. 1, p. 11. Petitioner contends that "neither the multi-page written guilty plea colloquy nor the trial court explained to Petitioner that he was presumed innocent until proven guilty; the requirement of a unanimous jury verdict of guilt beyond a reasonable doubt; or the possibility of consecutive sentencing." <u>Id</u>. Respondent counters that there is no basis for relief as Smith was represented by counsel and was adequately informed of his rights and the consequences of his plea by both the written and oral colloquies.

A habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." <u>Lesko v. Lehman</u>, 925 F.2d 1527, 1537 (3d Cir. 1991).

A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The United States Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. Belle v. Varner, No. Civ. A. 99-5567, 2001 WL 1021135 *10 (E.D. Pa. Sept. 5, 2001).

According to the undisputed record, while incarcerated in the Lycoming County Prison on January 12, 2009, Smith was subjected to a search by a correctional officer. The officer observed a cellophane package hidden under Smith's scrotum and ordered the inmate to remove it. Petitioner attempted to flush the package down a toilet. Inside the cellophane package, correctional staff found amounts of marijuana, Oxycodone, and Xanax. As a result of the seizure, criminal

charges were filed against Smith.

Following the selection of a jury, Petitioner's counsel and the Commonwealth reached an agreement which resulted in entry of the challenged guilty plea.  Thus, since it is undisputed that Petitioner was represented by counsel, the first prong of <u>Broce</u> was clearly satisfied.  A written guilty plea colloquy executed by Smith (Doc. 10-5) clearly informed him that he had a right to a jury trial, was presumed to be innocent, did not have to establish his innocence; and would have to be found guilty beyond a reasonable doubt.  Petitioner was also advised that the jury's verdict would have to be unanimous.  See <u>id</u>. at ¶ 14(c). Smith acknowledged in the written colloquy that his plea was given freely and voluntarily without any threats or intimidation and that he was satisfied with his attorney's representation.

The written colloquy also clearly warned  Petitioner that if he was on probation or parole his guilty plea would mean a violation of that probation and parole.  See <u>id</u>. at ¶ 37.   Page one of the written colloquy clearly listed the potential sentence which could be imposed for each charged offense and computed that Smith faced a potential 16-32 year term of imprisonment if the sentences were imposed consecutively.

In addition, an oral colloquy (Doc. 10-3) was conducted when Smith entered

8

his plea on January 10, 2010.  The trial court took extreme caution and care to ascertain that Petitioner understood the ramifications as to his entry of a guilty plea. Smith was told that the Commonwealth "would have to prove beyond a reasonable doubt" that he was in possession of three different controlled substances and made an attempt to destroy those substances in an effort to impede the investigation . Id. at p. 3.  Petitioner was clearly advised by the trial court that he was facing a possible 16 year jail term and that the plea agreement called for only a 3 to 6 year term of imprisonment.  The trial court further verified with Petitioner that had the right to proceed to trial where the burden of proof would rest with the Commonwealth; and that he had not been threatened or forced into entering a plea.

Moreover, the Court stated that the written plea agreement "was not binding on the court" but if the plea agreement was not accepted, Smith could withdraw his plea and could proceed to trial.  Id. at p. 5 .  Under questioning by the trial court, Petitioner acknowledged that he was satisfied with the performance of his defense counsel and clearly admitted ownership of the seized drugs.  He was also sufficiently informed and stated that he understood the terms of the plea colloquy including the maximum prison term and fines which he could be subjected to as a result of his entry of a guilty plea.  See id. at p. 16.

The Superior Court of Pennsylvania in affirming the denial of PCRA relief noted that the written and oral colloquies advised Petitioner that he was presumed innocent, did not have to establish hiss innocence, had a right to a jury trial, that the jury's verdict had to be unanimous, and the possibility that consecutive sentences totaling 16 to 32 years could be imposed.  <u>See</u> Doc. 10-10, p. 5.

Based upon the same factors cited by both the PCRA court and the Superior Court, this Court likewise finds that Petitioner's plea was voluntary as contemplated under the second prong of <u>Broce</u>.  It is apparent that Smith was properly advised as to all of the relevant circumstances and direct consequences prior to entering his guilty plea as contemplated in <u>Parry</u>.  <u>See</u> <u>also</u> <u>Jamison v. Kwem</u>, 544 F. 3d 266, 276-77 (3d Cir. 2008)(no basis for relief when defendant has sufficient awareness of the relevant circumstances and direct consequences of the plea).

Based upon a thorough review of the record, including the submitted copies of the  oral and written plea colloquies, this Court is satisfied that the due process requirements set forth in <u>Broce</u> and <u>Parry</u> were satisfied.  It is apparent that trial counsel adequately discussed with Petitioner the terms and ramifications of the plea offer.   Since the state courts' determinations that Smith entered a voluntary plea were not a contrary application of clearly established federal law, there is no basis

for federal habeas corpus relief.   Ground One of Petitioner's request for habeas corpus relief will be denied.

## Ineffective Assistance

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test.  The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).  In Deputy, theThird Circuit also noted that it was not bound by any state court determinations as to a counsel's performance.  Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996).  If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689,

11

because "substantial deference is to be accorded counsel's tactical decisions."
United States v. Wiener, 127 F. Supp. 2d  645, 648 (M.D. Pa. 2001).  A decision
supported by "reasonable professional judgment does not constitute ineffective
assistance of counsel.  See Burger v. Kemp, 483 U.S. 776, 794 (1987).  It follows
that counsel cannot be deemed ineffective for pursuing a meritless claim.  Hartey v.
Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694;
Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992)  "Without proof of both
deficient performance and prejudice to the defense . . . it could not be said that the
sentence or conviction resulted from a breakdown in the adversary process that
rendered the result of the proceeding unreliable, and the sentence or conviction
should stand."  Bell, 535 U.S. at 695 (internal quotations and citation omitted).[4]

At the time of Petitioner's state court proceedings, Strickland's familiar
two-pronged test was the "clearly established federal law" applicable to ineffective

---

[4]  A court may choose to address the prejudice prong first and reject an
ineffective assistance claim solely on the basis that the defendant was not prejudiced.
See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

assistance of counsel claims.  In addressing Smith's present ineffective assistance

claims, the state courts applied essentially the same two-prong test for ineffective

assistance articulated in Strickland.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is

applied to ineffective assistance of counsel claims, but is, in substance, identical to

the Strickland test.  See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa.

1987).  The Third Circuit has held that Pennsylvania's test for assessing ineffective

assistance of counsel claims is not contrary to Strickland.  Jacobs v. Horn, 395 F.3d

92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).

Thus, it cannot be said that the state courts applied rules contrary to prevailing

principles established by the United States Supreme Court for the adjudication of

ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the

pending ineffectiveness claims is whether the Pennsylvania state courts' decisions

involved an unreasonable application of Strickland or were based on an

unreasonable determination of the facts.  Jacobs, 395 F.3d at 107 n. 9; Werts, 228

F.3d at 204.

Ground Two claims that trial counsel was ineffective for advising the

Petitioner to plead guilty because his case would be heard by an all white jury and

that nothing could be done to challenge the composition of the jury.[5]   In <u>Batson v.</u>

<u>Kentucky</u>, 476 U.S. 79 (1986), the United States Supreme Court reaffirmed the

principle that the Equal Protection Clause is violated by a state's purposeful or

deliberate exclusion of a person from participating on a jury on the basis of race.

<u>Id</u>. at 84.   Moreover, the Court concluded "that a defendant may establish a prima

facie case of purposeful discrimination in selection of the petit jury solely on

evidence concerning the prosecutor's exercise of peremptory challenges at the

defendant's trial."   <u>Id.</u> at 96.

In such a situation, the court when on to state, a case will be established if

the defendant can show that: (1) "he is a member of a cognizable racial group ...

and that the prosecutor has exercised peremptory challenges to remove from the

venire members of the defendant's race;" (2) in this regard, "the defendant is

entitled to rely on the fact, ..., that peremptory challenges constitute a jury selection

practice that permits 'those to discriminate who are of a mind to discriminate';" and

_____

[5]  Smith was found in possession of three separate controlled substances, marijuana, Oxycodone, and Xanax.   The Superior Court in denying PCRA relief concluded each of the three substances "would support a separate criminal count and the sentences would not merge." Doc. 10-10, p. 6.   Moreover, the Superior Court observed that trial counsel was "actually quite effective, securing a three to six year sentence where appellant's potential sentencing exposure was 16 to 32 years imprisonment." <u>Id</u>. at 6-7.

(3) it must be shown "that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." Id.  Upon such a showing by defendant, the State then bears the burden of rebutting that showing by offering "a neutral explanation" for its challenges. Id. at 97-98.

It is undisputed that a jury selection had been completed prior to the entry of petitioner's guilty plea.  Although an all white jury had been selected, Petitioner has not presented any facts to support a determination that there was a Batson-type purposeful or deliberate exclusion of any person from participating on the jury on the basis of race or nationality.  Likewise, the Petitioner has not provided sufficient facts to support a claim that the Lycoming County juror selection process itself was intentionally discriminatory.   Accordingly, trial counsel's expression of a sentiment to his client that there was no legal basis to challenge the composition of a jury selected in Smith's case does not by itself support an ineffective assistance claim.

Ground Three contends that trial counsel's performance was also deficient because he failed to advise Petitioner that his probation from an unrelated case could be revoked if he pled guilty.  As discussed above, the written colloquy executed by Smith clearly warned him that if he was on probation or parole his

guilty plea would mean a violation of that probation and parole.  <u>See</u> Doc. 10-5, ¶ 37.  Since the written colloquy clearly forewarned Petitioner that his probation from an unrelated case could be revoked if he pled guilty, his Ground Three argument that he was not given such notice clearly lacks merit.  In conclusion, a viable claim of ineffective assistance of counsel is not set forth in the either Ground Two or Three.

## Exhaustion

Respondent also maintains that Smith did not  exhaust his available state court remedies with respect to Grounds Two and Three.  <u>See</u> Doc. 9, ¶¶ 12-13. Specifically, Respondent argues that those claims were procedurally defaulted in state court and are subject to dismissal on the basis of non-exhaustion.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[6]  The exhaustion requirement is not a mere formality.  It serves

---

[6]  However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

(continued...)

the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process).  The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part

---

6(...continued)

of the ordinary appellate review procedure in the State." <u>Id</u>. at 847.  The Supreme

Court added that, in determining whether a state prisoner has preserved an issue for

presentation in a federal habeas petition, it must be determined not only whether a

prisoner has exhausted his state remedies, but also whether he has properly

exhausted those remedies, i.e., whether he has fairly presented his claims to the

state courts.  <u>See</u> <u>id</u>. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal

theory and the facts supporting the federal claim are submitted to the state courts,

and the same method of legal analysis applied in the federal courts must be

available to the state courts.  <u>Evans v. Court of Common Pleas</u>, 959 F. 2d 1227,

1230 (3d Cir. 1992); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).

Moreover, to satisfy exhaustion, the state court must be put on notice that a federal

claim is being asserted.  <u>Keller v. Larkins</u>, 251 F.3d 408, 413 (3d Cir. 2001).  The

exhaustion requirement is satisfied if the petitioner's claims are presented  through

a collateral proceeding, such as a petition under the PCRA, and it is not necessary to

present federal claims to state courts both on direct appeal and in a PCRA

proceeding.  <u>Evans</u>, 959 F.2d at 1230.

As previously discussed , Petitioner's pending action acknowledges

that he did not file a direct appeal.  Smith's Petition also concedes that Grounds

Two and Three were not included in his PCRA action, and that those arguments have not been raised in state court.

When a claim has not been fairly presented to the state courts but further state court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Respondent asserts that it is now too late for Petitioner to seek review of Grounds Two and Three via a second PCRA action. Accordingly, those arguments have been procedurally defaulted. Petitioner does not dispute that assessment but indicates that exhaustion should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012). See Doc. 1, ¶ 13.

"Cause" for a procedural default is demonstrated by showing that some objective external factor impeded a petitioner's efforts to comply with the state

procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  A petitioner

established prejudice only by showing that the errors worked to his actual and

substantial disadvantage infecting his entire proceeding with error of constitutional

dimensions.  See  United States v. Frady, 456 U.S. 152, 170 (1982).  In  order to set

forth a viable fundamental miscarriage of justice argument, a petitioner must

present new reliable evidence which supports a claim of actual innocence.  See

Schlup v. Delo, 513 U.S. 298, 317 (1995).

In light of the passage of time since Petitioner's January 10, 2010 guilty plea,

this Court agrees that state court review of Grounds two and Three is foreclosed

under Pennsylvania state procedural law.   Smith asks that his procedural default be

excused in light of the Supreme Court's decision in Martinez which held that

ineffective assistance of counsel in a PCRA proceeding could constitute cause for a

procedural default.  The Martinez finding was limited to situations where PCRA

counsel failed to raise issues of ineffective assistance by trial counsel and thereby

procedurally defaulted the claim for purposes of federal habeas corpus review.  See

Boyd v. Bozum, 2012 WL 3595301 *2 (W.D. Pa. Aug. 21, 2012).

This Court will assume arguendo that Smith has established cause for his

procedural default.  However, as discussed above, neither Grounds Two nor Three

sets forth a meritorious claim of ineffective assistance of counsel.  Consequently,

Petitioner has still failed to satisfy his burden of showing prejudice for his procedural default or that failure to entertain those arguments would result in a fundamental miscarriage of justice.  Consequently, the argument that procedurally defaulted Grounds Two and Three are also subject to dismissal is equally meritorious.

The petition for writ of habeas corpus will be denied.

BY THE COURT:


    s/  Matthew W. Brann
Matthew W. Brann
United States District Judge